1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                       AT SEATTLE

10

11   UNITED STATES OF AMERICA,

12              Plaintiff,
                                        CASE NO. CR06-425 MJP
13        v.
                                        DETENTION ORDER
14   BELINDA CRUZ,

15              Defendant.

16

Offenses charged:

17
        Count I - Conspiracy to Distribute Methamphetamine

18
            (500 grams or more of mixture, 50 grams or more of actual methamphetamine)

19
        Count II - Conspiracy to Distribute Heroin (100 grams or more)

20
        Count III - Conspiracy to Distribute Cocaine (500 grams or more)

21
Date of Detention Hearing: 12/07/06

22
        The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based

23
upon the factual findings and statement of reasons for detention hereafter set forth, finds that no

24

25
DETENTION ORDER - 1
26   18 U.S.C. § 3142(i)

1  condition or combination of conditions which defendant can presently meet will reasonably assure the

2  appearance of defendant as required and the safety of any other person and the community.

3

4  <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

5      (1)    The drug offense with which defendant is charged in Count I carries a maximum

6  penalty of life imprisonment, with a mandatory minimum sentence of ten years.  There

7  is therefore a rebuttable presumption that defendant will be detained.

8      (2)    Nothing has been presented to the court, to date, which effectively rebuts that

9  presumption.

10      (3)    The government wiretaps revealed several calls during which defendant participated in

11  the planning and execution of various drug transactions.

12      (4)    A search of the residence shared by defendant and her boyfriend, co-defendant, Enrique

13  Leal-Molina, produced ½ kilo of cocaine, 1 lb. of methamphetamine, 1 oz. of heroin,

14  two firearms, and more than $6,000 in cash.

15      (5)    Defendant's five children were also living in the residence, which raises questions about

16  their safety and welfare, and defendant's dangerousness to other persons.

17

18  Defendant, through her counsel, expressed the desire to arrange for a new place to live, with Wanda

19  Doughty, a friend.  The Pretrial Services Officer recommended, " . . . that the defendant be detained

20  until verification of new rental housing has been received.  Upon receipt of such verification, Pretrial

21  Services would be willing to recommend appropriate conditions of release."  The court concurs with

22  this suggestion.  When these steps are accomplished, defendant may move to reopen the detention

23  hearing.  Until then, however, defendant will be detained.

24

25

26  DETENTION ORDER - 2
18 U.S.C. § 3142(i)

It is therefore ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of December, 2006.

                            /s/John L. Weinberg
                            JOHN L. WEINBERG
                            United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)